EVERSHEDS SUTHERLAND (US) LLP
Ian S. Shelton (SBN 264863)
ianshelton@eversheds-sutherland.com
500 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone:  (916) 844-2965
Facsimile:  (916) 241-0501

EVERSHEDS SUTHERLAND (US) LLP
Michael Bahar (*PHV* pending)
michaelbahar@eversheds-sutherland.com
700 Sixth Street, NW, Suite 700
Washington, DC  20001-3980
Telephone: (202) 383-0882
Facsimile:  (202) 637-3593

*Attorneys for Defendants Nexo Financial LLC, Nexo Financial Services Ltd., Nexo Services OÜ, Nexo AG, and Nexo Capital Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNHAN JEONG, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEXO FINANCIAL LLC, NEXO FINANCIAL SERVICES LTD., NEXO SERVICES OÜ, NEXO AG, and NEXO CAPITAL INC.,<br><br>Defendants. | CASE NO. 5:21-CV-02392-BLF<br><br>The Honorable Beth Labson Freeman<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT BASED ON THE DOCTRINE OF *FORUM NON CONVENIENS***<br><br>Hearing Date:  November 18, 2021<br>Hearing Time:  9:00 a.m.<br><br>Courtroom:  No. 3, 5th Floor<br>Address:  U.S. Courthouse<br>  280 South 1st Street<br>  San Jose, CA 95113 |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on November 18, 2021, at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at San Jose Courthouse, Courtroom 3 – 5th Floor, 280 South 1st Street, San Jose, California 95113, Defendants Nexo Financial LLC, Nexo Financial Services Ltd., Nexo Services OÜ, Nexo AG, and Nexo Capital Inc. ("Defendants") will move this Court to dismiss the complaint filed by Plaintiff Juhan Jeong pursuant to the *forum non conveniens* ("FNC") doctrine.

Upon registering as a client of the Nexo platform, Jeong agreed to the Nexo Wallet Services General Terms and Conditions ("Wallet Terms"), which provides that "[a]ny dispute arising out of or in connection with the Agreement (the General Terms), unless amicably settled between the Parties, shall be referred to the competent court in London, England, determined as per the procedural law of England and Wales."  Trenchev Decl., Ex. B (Wallet Terms), § XVIII.2. Pursuant to the FNC doctrine and this mandatory forum selection clause, Defendants seek dismissal of the present action without prejudice to Jeong re-filing his breach of contract and related declaratory relief claims in the courts of London, United Kingdom.  Jeong's UCL and CLRA claims fail as a matter of law for the reasons explained in Defendants' concurrently filed Rule 12(b) Motion to Dismiss ("12(b) Motion"), so those putative consumer claims present no impediment to the enforcement of the forum selection clause.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Antoni Trenchev; the pleadings and other papers on file in this action; and such other declarations, evidence and argument as may be presented before or at the hearing.

| | | |
|---|---|---|
| 1 | DATED:  July 12, 2021 | EVERSHEDS SUTHERLAND (US) LLP |
| 2 | | |
| 3 | | By */s/ Ian S. Shelton*<br>     Ian S. Shelton |
| 4 | | *Attorneys for Defendants Nexo Financial LLC,* |
| 5 | | *Nexo Financial Services Ltd., Nexo Services OÜ, Nexo AG, and Nexo Capital Inc.* |

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

FACTUAL BACKGROUND ............................................................................................... 2

ARGUMENT ......................................................................................................................... 3

    I. STRICTLY IN THE ALTERNATIVE TO ITS 12(B) MOTION, NEXO MOVES TO DISMISS JEONG'S BREACH OF CONTRACT AND DECLARATORY JUDGMENT CLAIMS PURSUANT TO THE DOCTRINE OF *FORUM NON CONVENIENS*. ............................................... 3

        A. Jeong Fails to Plead the Contravention of a Strong Public Policy. ........ 3

        B. Jeong Fails to Plead that Litigating in London is Gravely Difficult and Inconvenient. ..................................................................... 4

CONCLUSION ...................................................................................................................... 6

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Home Assurance Co. v. TGL Container Lines, Ltd.*,
　347 F. Supp. 2d 749 (N.D. Cal. 2004) ...........................................................................5

*Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*,
　571 U.S. 49 (2013) ........................................................................................................3

*Bremen v. Zapata Off-Shore Co.*,
　407 U.S. 1 (1972) ..........................................................................................................5

*Color Switch LLC v. Fortafy Games DMCC*,
　818 F. App'x 694 (9th Cir. 2020) ..................................................................................5

*Creative Tech., Ltd. v. Aztech Sys. Pte, Ltd.*,
　61 F.3d 696 (9th Cir. 1995) ..........................................................................................4

*In re Facebook, Inc. S'holder Derivative Privacy Litig.*,
　367 F. Supp. 3d 1108 (N.D. Cal. 2019) .................................................................1, 5

*Finsa Portafolios, S.A. DE C.V. v. OpenGate Capital, LLC*,
　769 F. App'x 429 (9th Cir. 2019) ..................................................................................3

*HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*,
　2020 WL 7220462 (N.D. Cal. Jan. 30, 2020) ..............................................................4

*Lee v. Fisher*,
　2021 WL 1659842 (N.D. Cal. Apr. 27, 2021) ..............................................................5

*Lewis v. Liberty Mut. Ins. Co.*,
　953 F.3d 1160 (9th Cir. 2020) ...................................................................................4, 5

*Loya v. Starwood Hotels & Resorts Worldwide, Inc.*,
　583 F.3d 656 (9th Cir. 2009) .........................................................................................5

*Maroon Soc'y, Inc. v. Unison Consulting, Inc.*,
　2019 WL 8108717 (C.D. Cal. July 26, 2019) ..............................................................5

*Miave, LLC v. Pitech Plus, SRL*,
　2021 WL 2333097 (C.D. Cal. May 5, 2021) ................................................................6

*Richards v. Lloyd's of London*,
　135 F.3d 1289 (9th Cir. 1998) .......................................................................................5

*Spread Your Wings, LLC v. AMZ Group LLC*,
　2020 WL 5749085 (N.D. Cal. Sept. 25, 2020) .............................................................6

MOTION TO DISMISS BASED ON THE DOCTRINE OF *FORUM NON CONVENIENS*

*Yei A. Sun v. Advanced China Healthcare, Inc.*,
    901 F.3d 1081 (9th Cir. 2018) .................................................................................................. 1, 3, 6

**Other Authorities**

Fed. R. Civ. P. 21 ............................................................................................................................. 1

# MEMORANDUM OF POINTS AND AUTHORITIES

Strictly in the alternative to the jurisdictional defenses asserted in their pending Rule 12(b) Motion, Nexo Capital Inc., Nexo Financial Services Ltd., Nexo Services OÜ, Nexo Financial LLC, and Nexo AG (collectively "Nexo") respectfully request that the Court dismiss the breach of contract and declaratory relief claims asserted by Plaintiff Junhan Jeong ("Jeong") pursuant to the doctrine of *forum non conveniens* because the parties agreed to a mandatory forum selection clause establishing London, England as the required forum for adjudicating this dispute.[1]

Jeong secured a credit line from Nexo by posting the cryptocurrency "XRP" as collateral. This transaction is now the subject of this lawsuit. To engage in this transaction, Jeong agreed to a set of terms and conditions ("T&Cs"), which requires that any claims "shall" be brought in London and adjudicated under the laws of England and Wales. Under the U.S. Supreme Court's *Atlantic Marine* decision, a court presented with a motion to dismiss based on the doctrine of *forum non conveniens* may only refuse to enforce a mandatory forum selection clause under "extraordinary circumstances." Such extraordinary circumstances require a finding that (1) the clause is invalid due to "fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court."[2] None of these exemptions apply here.

First, Jeong does not allege "fraud or overreaching" in his Complaint. This exception is not at issue.

---

[1] Granting this motion would have the effect of dismissing the putative "Damages Class," (*see* Complaint ¶¶ 142, 166–173) which consists of all members asserting a breach of contract claim, and the putative "Equitable-Relief Class," which consists of all members asserting a declaratory judgment claim. Complaint ¶¶ 142, 174–189. This Motion does not seek dismissal of Plaintiff's UCL and CLRA claims, which should be dismissed for the reasons stated in Nexo's Rule 12(b) Motion. If the Court is inclined to grant this Motion, but not dismiss Plaintiff's UCL and CLRA claims, the Court has the discretion to sever the claims and dismiss the breach of contract and declaratory relief claims to be brought in the prescribed forum. Fed. R. Civ. P. 21; *see also In re Facebook, Inc. S'holder Derivative Privacy Litig.*, 367 F. Supp. 3d 1108, 1120 (N.D. Cal. 2019).
[2] *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018).

Second, Jeong cannot point to any statute or judicial decision obviating the forum selection clause. Indeed, the strong prevailing federal policy *favors* enforcement of the forum selection clause for six-figure breach of contract claims like the present one. Given that this Motion does not implicate Jeong's California consumer claims asserted under the CLRA and the UCL, which fail as a matter of law for the reasons explained in Nexo's concurrently filed Rule 12(b) Motion, Jeong cannot point to any strong policy justifying his breach of the forum selection clause.

Third, courts in the Ninth Circuit have long recognized London as an available forum where a plaintiff may seek redress. The key inquiry is not whether the plaintiff is less likely to prevail on the merits, but whether the alternative forum provides the plaintiff any remedy at all. English law plainly affords remedies to Jeong for breach of contract and declaratory judgment. Jeong cannot meet the high burden to establish that this dispute contains any "extraordinary circumstances" which justify ignoring the parties' agreed forum.

**FACTUAL BACKGROUND**

Pursuant to Rule 10(c), Nexo incorporates by reference its Factual Background section from its Rule 12(b) Motion. *See* Fed. R. Civ. P. 10(c). When opening his account on Nexo's platform, Mr. Jeong agreed to be bound by a set of Terms and Conditions. In relevant part, the Wallet Terms provide that any dispute is governed by the laws of England and Wales and must be brought in London, England:

1. The Agreement shall be governed exclusively by the substantive law of England and Wales.

2. Any dispute arising out of or in connection with the Agreement (the General Terms), unless amicably settled between the Parties, shall be referred to the competent court in London, England, determined as per the procedural law of England and Wales . . . .

*See* Trenchev Decl. ¶ 21, Ex. B (Wallet Terms), § XVIII.1-.2.[3]

---

[3] Nexo's Borrow Terms contain a choice-of-law provision providing that they are governed by the substantive law of "Nexo jurisdiction" and state that any dispute shall be "referred to the competent court or other dispute resolution authority, determined as per the procedural law of Nexo jurisdiction." Trenchev Decl., Ex. D (Borrow Terms), § XV.1-.2. Pursuant to the Wallet Terms, the "Nexo jurisdiction" is England and Wales, and the "competent court" is "in London, England."

# ARGUMENT

**I.   STRICTLY IN THE ALTERNATIVE TO ITS RULE 12(B) MOTION, NEXO MOVES TO DISMISS JEONG'S BREACH OF CONTRACT AND DECLARATORY JUDGMENT CLAIMS PURSUANT TO THE DOCTRINE OF *FORUM NON CONVENIENS*.**

A forum-selection clause pointing to a foreign forum is enforced through the doctrine of *forum non conveniens*. *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). Where parties have agreed to a forum-selection clause, "they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id*. at 64. A contractual forum-selection clause is "given controlling weight" in a *forum non conveniens* analysis "in all but the most **exceptional cases**" and the plaintiff's choice-of-forum is given "no weight." *Finsa Portafolios, S.A. DE C.V. v. OpenGate Capital, LLC*, 769 F. App'x 429, 430–31 (9th Cir. 2019) (emphasis added). In short, "[o]nly under **extraordinary circumstances** unrelated to the convenience of the parties" should a motion to enforce a forum-selection clause be denied. *Atl. Marine,* 571 U.S. at 62 (emphasis added).

The "exceptional case" / "extraordinary circumstances" exception is only recognized in limited circumstances: (1) the clause is invalid due to "fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court." *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018). There is no allegation of fraud or overreaching in Jeong's Complaint. Only the latter two exceptions are potentially at issue in this dispute. Each is discussed below.

### A.   Jeong Fails to Plead the Contravention of a Strong Public Policy.

A plaintiff "must point to a statute or judicial decision that clearly states such a strong public policy" against enforcing the forum-selection clause. *Id.* at 1090. This is a high bar, and requires the plaintiff to make a "strong showing" with respect to the applicable public policy. *HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, 2020 WL 7220462, at *4 (N.D. Cal. Jan. 30,

2020).

Clear statements of strong public policy are rare, and none are applicable here. This is a six-figure breach of contract action. Jeong has not identified any compelling public policy that justifies violating the contractually mandated choice of forum. Jeong is likely to counter that the consumer-nature of his contract and declaratory judgment claims justify keeping this matter in California. Importantly, however, the amounts in dispute here hardly qualify as a low-value consumer dispute. Jeong is seeking to recover approximately $280,000 from Nexo. *See* Compl. ¶¶ 16, 135. This is a substantial dispute, and Jeong has hired sophisticated legal counsel to prosecute his claims. This matter should *not* be swept into the "consumer disputes" category and given lenient treatment as such. Rather, the parties' agreement should be enforced as written, and no overriding policy is available to alter that outcome.

Any public policy argument premised on California's consumer protection statutes is unavailing because those claims are not targeted by this Motion, and, separately, fail as a matter of law for the reasons explained in Nexo's concurrently filed Rule 12(b) Motion, leaving only the breach of contract and related declaratory judgment claims remaining. No California public policy precludes resolution of an ordinary breach of contract claim in London pursuant to the laws of England and Wales, particularly a six-figure claim by a sophisticated cryptocurrency investor that does not fall under California's consumer protection laws.

**B.     Jeong Fails to Plead that Litigating in London is Gravely Difficult and Inconvenient.**

A *forum non conveniens* dismissal motion should be granted even if the law in the alternative forum is less favorable to the plaintiff's chance of recovery. *Lewis v. Liberty Mut. Ins. Co.*, 953 F.3d 1160, 1168 (9th Cir. 2020); *see also Creative Tech., Ltd. v. Aztech Sys. Pte, Ltd.*, 61 F.3d 696, 701–02 (9th Cir. 1995) ("A court may dismiss on *forum non conveniens* grounds even though the foreign forum does not provide the same range of remedies as are available in the home forum."). Instead, the Court must enforce a forum-selection clause unless the contractually selected forum affords the plaintiffs "no remedies whatsoever." *Lewis*, 953 F.3d at 1168. As

-4-
MOTION TO DISMISS BASED ON THE DOCTRINE OF *FORUM NON CONVENIENS*

1  *Lewis* explains, "[i]t is the *availability* of a remedy that matters, not predictions of the likelihood
2  of a win on the merits." *Id.* (emphasis in original); *see also Lee v. Fisher*, 2021 WL 1659842, at *5
3  (N.D. Cal. Apr. 27, 2021) (Noting that the fact that *certain types of remedies* are unavailable in the
4  foreign forum does not change the calculus if there exists a basically fair court system in that
5  forum that would allow the plaintiff to seek some relief." (emphasis in original)); *In re Facebook,*
6  *Inc. S'holder Derivative Privacy Litig.*, 367 F. Supp. 3d 1108, 1120 (N.D. Cal. 2019) (same).
7  Higher litigation costs are not a necessarily basis to establish that a plaintiff's day in court will be
8  denied. *Maroon Soc'y, Inc. v. Unison Consulting, Inc.*, 2019 WL 8108717, at *6 (C.D. Cal. July
9  26, 2019). Instead, the plaintiff resisting dismissal must show that he "will be effectively deprived
10 of a meaningful day in court." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). This is a high
11 bar and one that Jeong does not meet here.

12        Jeong's alternative forum is a court in London, England. Trenchev Decl., Ex. B (Wallet
13 Terms), § XVIII.1-.2. English courts have long been recognized as an available alternative forum
14 which affords remedies to aggrieved parties. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)
15 (enforcing forum selection clause designating a London court as the exclusive forum); *Richards v.*
16 *Lloyd's of London*, 135 F.3d 1289, 1296 (9th Cir. 1998) (upholding a forum selection clause
17 requiring that the lawsuit be brought in England despite the fact that English law immunized the
18 defendant from potential claims); *Am. Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F.
19 Supp. 2d 749, 766 (N.D. Cal. 2004) (holding that "the High Court of Justice in London is an
20 adequate alternative forum for litigating plaintiffs' claims."). English courts are plainly a valid,
21 alternative legal forum for litigating this matter. English courts recognize common law claims
22 similar to those advanced by Jeong, and Jeong will be able to have a "meaningful day in court."

23        Moreover, courts in the Ninth Circuit have granted *forum non conveniens* dismissal
24 motions to far less favorable jurisdictions than London. *See Color Switch LLC v. Fortafy Games*
25 *DMCC*, 818 F. App'x 694, 696 (9th Cir. 2020) (affirming dismissal to litigate in the Court of
26 Dubai); *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 666 (9th Cir. 2009)
27 (affirming dismissal to litigate in Mexico); *Miave, LLC v. Pitech Plus, SRL*, 2021 WL 2333097, at

*4 (C.D. Cal. May 5, 2021) (dismissing case to litigate in Romania).  English courts pose a fair, accessible alternative relative to these far-flung forum, and Jeong cannot reasonably argue to the contrary.

Finally, Courts may consider choice-of-law provisions in evaluating whether a forum selection clause should be enforced.  *Yei A. Sun*, 901 F.3d at 1088 n.4; *Spread Your Wings, LLC v. AMZ Group LLC*, 2020 WL 5749085, at *6 (N.D. Cal. Sept. 25, 2020).  That is, a court may "consider the clauses' impact together" to determine whether to grant the *forum non conveniens* dismissal motion.  *Yei A. Sun*, 901 F.3d at 1088 n.4.  The governing law in this matter is the substantive law of England and Wales.  Trenchev Decl., Ex. B (Wallet Terms), § XVIII.1.  An English court is likely to be much more equipped to decide this matter under the law of England and Wales.  This factor also strongly weighs in favor of dismissal.

## CONCLUSION

Subject to the jurisdictional defenses asserted in their pending Rule 12(b) motion to dismiss, the Court should grant the present motion to dismiss based on the doctrine of *forum non conveniens*.

DATED:   July 12, 2021              EVERSHEDS SUTHERLAND (US) LLP

By /s/ Ian S. Shelton
Ian S. Shelton

*Attorneys for Defendants Nexo Financial LLC, Nexo Financial Services Ltd., Nexo Services OÜ, Nexo AG, and Nexo Capital Inc.*