UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNHAN JEONG, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEXO FINANCIAL LLC, NEXO FINANCIAL SERVICES LTD., NEXO SERVICES OÜ, NEXO AG, and NEXO CAPITAL INC.,<br><br>Defendants. | CASE NO. 5:21-CV-02392-BLF<br><br>The Honorable Beth Labson Freeman<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b) AND BASED ON THE DOCTRINE OF *FORUM NON CONVENIENS*** <br><br>Hearing Date:  November 18, 2021<br>Hearing Time:  9:00 a.m.<br><br>Courtroom:  No. 3, 5th Floor<br>Address:     U.S. Courthouse<br>             280 South 1st Street<br>             San Jose, CA 95113 |

[PROPOSED] ORDER GRANTING MOTION TO DISMISS

**[PROPOSED] ORDER**

The Court has considered the motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b) and based on the doctrine of *Forum Non Conveniens*, which was filed by Defendants Nexo Financial LLC, Nexo Financial Services Ltd., Nexo Services OÜ, Nexo AG, and Nexo Capital Inc. ("Defendants").  The Court also considered the opposition filed by Plaintiff Junhan Jeong ("Plaintiff") and the reply filed by Defendants.  The motion is GRANTED on the following grounds:

1. Nexo Financial LLC, Nexo Financial Services Ltd., Nexo Services OÜ, and Nexo AG are dismissed for lack of personal jurisdiction under Rule 12(b)(2).
2. All claims are dismissed for lack of Article III standing under Rule 12(b)(1).
3. The breach of contract and declaratory judgment claims are dismissed under Rule 12(b)(6) because the Terms and Conditions at issue expressly authorize the complained-of conduct, meaning there was no breach.  These claims are also not plausible because Plaintiff's theory that Nexo's non-existent breach "excused any obligation" for Plaintiff to maintain the required margin on his credit line has no support in the contract or law.
4. The declaratory judgment claim is dismissed under Rule 12(b)(6) because it is duplicative of the breach of contract claim and seeks an advisory opinion on hypothetical issues not properly before the Court.
5. The CLRA claim is dismissed under Rule 12(b)(6) because the CLRA does not apply to extensions of credit or loans.
6. The equitable UCL and CLRA claims are dismissed under Rule 12(b)(6) based on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) because Plaintiff pleads he has an adequate remedy at law through his breach of contract claim.
7. The UCL claim is dismissed under Rule 12(b)(6) because Plaintiff does not plausibly allege breach of contract or any other predicate violation of law.
8. The breach of contract and declaratory judgment claims are dismissed based on the

doctrine of *forum non conveniens*, without prejudice to Plaintiff re-filing those claims in the courts of London, United Kingdom.

IT IS SO ORDERED.

DATED: _____

_____
The Honorable Beth Labson Freeman
United States District Court Judge